IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOPEZ JONES, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0526-WS-N |
| | ) |
| EVERGREEN TRANSPORTATION, etc., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 6). The parties have filed briefs in support of their respective positions, (Docs. 11, 12), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted.

## BACKGROUND

The plaintiff's decedent died in August 2004 in a traffic accident involving the individual defendant, who was driving the corporate defendant's vehicle. In March 2006, the plaintiff sued the driver and Evergreen Transportation ("Evergreen") in the Circuit Court of Covington County. In August 2009, Evergreen filed for bankruptcy and subsequently removed the action to this Court pursuant to 28 U.S.C. § 1452(a). The plaintiff moves to remand based on 28 U.S.C. § 1452(b).[1]

## DISCUSSION

Section 1452(a) allows removal of an action if the federal court "has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334(b) generally

---

[1] The plaintiff has received relief from the automatic stay. (Doc. 14).

provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The plaintiff concedes, as she must, that this case is related to Evergreen's bankruptcy and that removal therefore falls within Section 1452(a). (Doc. 6 at 7).

Section 1452(b) provides that the federal court "may remand such claim or cause of action on any equitable ground." Although there are others, "[t]hese equitable reasons may include those factors listed in § 1334(c)(2) for mandatory abstention." *In re: Heatherwood Holdings, LLC*, 2009 WL 2211609 at *4 (Bankr. N.D. Ala. 2009); *accord In re: Scanware, Inc.*, 411 B.R. 889, 897 (Bankr. S.D. Ga. 2009); *Hatcher v. Lloyd's of London*, 204 B.R. 227, 232-33 (M.D. Ala. 1997); *Cook v. Griffin*, 102 B.R. 875, 877 (N.D. Ga. 1989); *Thomasson v. AmSouth Bank*, 59 B.R. 997, 1002 (N.D. Ala. 1986). The plaintiff argues that the elements of mandatory abstention are met and that remand is thus indicated. Evergreen concedes that remand should be ordered if Section 1334(c)(2) is satisfied, but it denies that all its elements exist here.

Section 1334(c)(2) provides that the federal court "shall abstain from hearing such proceeding" if: (1) a party timely so moves; (2) the case is based on state rather than federal law; (3) the case does not arise under Title 11 and does not arise in a case under Title 11; (4) the action could not have been commenced in federal court absent Section 1334; (5) an action has been commenced in state court; and (6) the action can be timely adjudicated in state court. This is known as "mandatory abstention," and it applies to cases removed under Section 1452(a). *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000).

Evergreen correctly concedes that the first five elements of mandatory abstention are satisfied. This leaves for consideration only whether the action can be timely adjudicated in state court were it to be remanded. The answer to this question is obviously in the affirmative.

This action has been set for trial in state court on multiple occasions, most recently

in August 2009.  Evergreen insists that trial cannot occur before it takes the deposition of a key witness, who works in Russia and is largely unavailable, but it has recently obtained that deposition.  (Doc. 20).  There is not the slightest indication that this action is not ready for immediate trial upon remand, subject only to the state court's calendar, which appears adequate.[2]  Accordingly, the Court concludes that the action can be timely adjudicated in state court.[3]

## CONCLUSION

Because the elements of mandatory abstention are satisfied, equitable grounds for remand exist.[4]  The motion to remand is **granted**.  This action is **remanded** to the Circuit Court of Covington County.

DONE and ORDERED this 28th day of December, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The parties indicate that the assigned state judge has a civil trial calendar approximately every other month and that this case would have priority because of its age.

[3] Evergreen suggests the case can reach trial more quickly in federal court than in state court.  It cites no authority for the proposition that a case ready for immediate trial in state court nevertheless cannot be "timely adjudicated" there if the federal court could hear it even more quickly.  At any rate, this case, which has yet to be pretried, cannot realistically be tried in federal court before November 2010.

[4] The Court need not reach the plaintiff's argument that equitable grounds for remand exist regardless of mandatory abstention.